[Cite as *State v. Oneill*, 2026-Ohio-3091.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 26CA2 |
| Plaintiff-Appellee, | : | DECISION AND JUDGMENT ENTRY |
| v. | : | |
| Cody Michael Oneill,[1] | : | **RELEASED 8/06/2026** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

L. Scott Petroff, L. Scott Petroff Attorney at Law LLC, Athens, Ohio, for appellant.

Keller Blackburn, Athens County Prosecuting Attorney, and Andrew T. Sanderson, Assistant Prosecuting Attorney, Athens, Ohio, for appellee.

_____

Hess, J.

{¶1} Cody Michael Oneill appeals from a judgment of the Athens County Common Pleas Court convicting him, following a guilty plea, of failure to comply with an order or signal of a police officer and forgery.[2] Oneill presents one assignment of error asserting that the trial court failed to advise him of his constitutional right to a jury trial, so his plea is invalid because it violated Crim.R. 11 and the due process provisions of the

---

[1] We have used the spelling of appellant's name as it appears on the judgment of conviction. In other documents, his last name is spelled as "O'Neill" and "O'Neil."

[2] Oneill filed his notice of appeal pro se on January 13, 2026. The notice states that he is appealing the judgment entry of conviction entered on December 23, 2025, and he attached to the notice a "judgment entry of guilty," the court issued that day. However, this was not the judgment entry of conviction because it did not include the sentence. *See* Crim.R. 32(C) ("In the judgment of conviction, the court must set forth the fact of conviction and the sentence"). The judgment entry of conviction was actually entered on January 6, 2026, a few days before Oneill filed his notice of appeal.

United States and Ohio Constitutions. For the reasons which follow, we sustain the assignment of error, reverse the trial court's judgment, and remand for further proceedings consistent with this decision.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} In September 2025, Oneill was indicted on three counts: (1) Count One – failure to comply with an order or signal of a police officer, a third-degree felony, with a forfeiture specification for a motorcycle; (2) Count Two – using sham legal process, a fourth-degree felony; and (3) Count Three – forgery, a fifth-degree felony. He initially pleaded not guilty, and during the arraignment hearing, the court stated that a jury trial was set for January 20, 2026. On December 23, 2025, Oneill executed a written guilty plea to Count One without the specification and Count Three. The State agreed to move to dismiss the specification and Count Two. The parties agreed to waive a PSI and jointly recommend a sentence of three years of community control with standard conditions, a three-year ODL suspension backdated to August 22, 2025, and that Oneill's property be returned. Relevant to this appeal, the written guilty plea states: "I understand by pleading guilty I give up my right to a jury trial or court trial, where I could see and have my attorney question witnesses against me, and where I could use the power of the Court to call witnesses to testify for me."

{¶3} The trial court conducted a change of plea hearing. During the plea colloquy, the court asked Oneill whether he had a chance to go over the written guilty plea with counsel, had a chance to ask counsel any questions he had, and believed he understood the written guilty plea. Oneill answered each question in the affirmative. The

court reviewed the charges and maximum penalties with Oneill.  After making additional inquiries of Oneill, the following exchange occurred:

> By the judge:  You're waiving constitutional and other important rights by pleading guilty, let's go over those.  First and foremost do you understand that you're giving up your right to a Trial by pleading guilty?
>
> By the defendant:  Yes.
>
> By the judge:  Do you understand that you're giving up the right to have [defense counsel] question witnesses?
>
> By the defendant:  Yes.
>
> By the judge:  Do you understand that you could force witness to testify you if necessary [sic]?  You have to answer out loud.
>
> By the defendant:  Yes.
>
> By the judge:  Do you understand if you would decided [sic] to proceed to Trial you would not have to take the witness stand since you can't be forced to testify against yourself?
>
> By the defendant:  Yes.
>
> By the judge:  Do you understand that you're waiving your right to force the prosecutor to prove your guilt beyond a reasonable doubt?
>
> By the defendant:  Yes sir.

The court accepted the guilty plea and immediately proceeded to sentencing.  The same day, the court issued a judgment entry of guilty in which it indicated it had accepted the plea but did not memorialize the sentence.

{¶4}   On January 6, 2026, the court entered the judgment of conviction. The judgment entry states that on the State's motion, the court amended Count One to remove the specification and dismissed Count Two. The court accepted Oneill's guilty plea to Count One, as amended, and Count Three. The court sentenced him to three years of community control on each count, to be served concurrently, imposed a three-year

mandatory class two driver's license suspension on Count One dated from August 22, 2025, and ordered that the motorcycle be released to Oneill.

{¶5} This appeal followed.

## II.  ASSIGNMENT OF ERROR

{¶6} Oneill presents one assignment of error: "Because the trial court failed to advise Appellant of his constitutional right to a jury trial the plea is invalid because it violated Crim.R. 11, and the due process provisions of both the United States and Ohio Constitutions."

## III.  VALIDTY OF GUILTY PLEA

### A.  Positions of the Parties

{¶7} In his sole assignment of error, Oneill contends the trial court failed to advise him of his constitutional right to a jury trial, so his plea is invalid because it violated Crim.R. 11 and the due process provisions of the United States and Ohio Constitutions. Oneill maintains that both constitutions require that a guilty plea be made knowingly, intelligently, and voluntarily. To effectuate this requirement, Crim.R. 11 provides that a court shall not accept a guilty plea without providing certain advisements, including ones on constitutional rights set forth in Crim.R. 11(C)(2)(c).  Oneill asserts strict compliance with Crim.R. 11(C)(2)(c) is required, that this means a court must orally inform a defendant of the rights in that rule, and a lack of strict compliance automatically invalidates a plea, without a need to show prejudice.  Although the court mentioned a right to a trial, Oneill claims the court did not strictly comply with Crim.R. 11(C)(2)(c) because it never mentioned the word "jury" during the change of plea hearing, so his plea is invalid.  Oneill

claims the outcome in this case is controlled by *State v. Morgan*, 2026-Ohio-282 (4th Dist.), and that this case is distinguishable from *State v. Ballard*, 66 Ohio St.2d 473 (1981).

{¶8}  The State contends that "[w]hen considering the totality of the matter, the trial court adequately ensured Appellant was advised of his constitutional rights, including his right to a jury trial." The State maintains that in *Ballard*, the Supreme Court ruled against the position that a plea is invalidated because the trial court did not say the specific phrase "jury trial" during the plea colloquy. The State claims *Ballard* reasoned that the failure to say "jury" before "trial" did not invalidate a guilty plea because of the totality of the colloquy between the court, defendant, and defense counsel.  In addition, the State claims *Ballard* recognized a "written plea form may be considered when weighing the totality of the circumstance surrounding a plea and whether such is proper." And the State asserts that *Ballard* contained an exchange "nearly identical" to the one here, which "was found to be sufficient."

{¶9}  The State maintains that this case is distinguishable from *Morgan* for several reasons. First, the defendant in *Morgan* pled to the indictment as charged, and here, the State dismissed one count and the specification, which "demonstrates that Appellant fully understood and appreciated the nature of the proceedings and worked to a resolution that was advantageous to him."  Second, unlike in *Morgan*, in this case, the trial court reviewed the written plea with Oneill "page by page," "methodically addressing each section through to the end," and the written plea stated he understood he was giving up his right to a jury trial. And third, unlike the defendant in *Morgan*, after sentencing, Oneill filed a pro se motion to withdraw his plea but "never suggested he did not understand his rights including that of a jury trial."  The State claims "[t]his is supported

by the history of his case; Appellant was not only told that his case was going to be set for a jury trial multiple times on the record, he verbally and in writing waived those rights."

### B.  Legal Principles

**{¶10}**  "A defendant's decision to enter a guilty plea must be knowing, intelligent, and voluntary." *State v. Gowdy*, 2025-Ohio-5575, ¶ 18, citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "And '[f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *Id.*, quoting *State v. Engle*, 1996-Ohio-179, ¶ 7.  *See generally State v. Brinkman*, 2021-Ohio-2473, ¶ 10, quoting *State v. Bishop*, 2018-Ohio-5132, ¶ 10 (lead opinion) ("'Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid'").  "'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.'" *State v. Sillman*, 2024-Ohio-3363, ¶ 22 (4th Dist.), quoting *State v. Moore*, 2014-Ohio-3024, ¶ 13 (4th Dist.).

**{¶11}**  "When reviewing guilty pleas, we focus on 'whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his [or her] plea.'" *Gowdy* at ¶ 19, quoting *Dangler* at ¶ 12, citing *State v. Veney*, 2008-Ohio-5200, ¶ 15-16, *State v. Clark*, 2008-Ohio-3748, ¶ 26, and *State v. Miller*, 2020-Ohio-1420, ¶ 19. A defendant challenging his or her guilty plea "'on the basis that it was not knowingly, intelligently, and voluntarily made' is generally not entitled to have [the] plea vacated unless [the defendant] demonstrates that he [or she] was prejudiced by the failure of the trial court to comply with the provisions of Crim.R. 11." *Id.*,

quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). However, the Supreme Court "has

held that there are two instances in which a defendant is excused from the burden of

demonstrating prejudice: (1) when a trial court 'fails to explain the constitutional rights set

forth in Crim.R. 11(C)(2)(c),' *Clark* at ¶ 31 and (2) when a trial court 'complete[ly] fail[s] to

comply with' a requirement of Crim.R. 11, *State v. Sarkozy*, 2008-Ohio-509, ¶ 22."

(Bracketed material in original.) *Id.* at ¶ 21.

> **{¶12}** The Supreme Court has stated that
>
> in undertaking this review, the questions to be answered are:
>
> (1) has the trial court complied with the relevant provision[s] of [Crim.R. 11]?
> (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

(Bracketed material in original.) *Id.* at ¶ 22, quoting *Dangler* at ¶ 17.

> **{¶13}** "'Crim.R. 11(C) governs the process that a trial court must use before

accepting a felony plea of guilty or no contest.'" *Id.* at ¶ 23, quoting *Veney* at ¶ 8. Oneill's

argument implicates a constitutional aspect of the plea colloquy under Crim.R.

11(C)(2)(c), which states:

> (2) In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:
>
> . . .
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

"Crim.R. 11(C)(2)(c) makes clear that it is the trial court that '*shall not* accept a plea of guilty' without first informing the defendant of the constitutional rights he [or she] will waive by pleading guilty and determining that the defendant understands the waiver." (Emphasis in original.) *Brinkman*, 2021-Ohio-2473, at ¶ 18. "'It is the trial court's duty, therefore, to ensure that a defendant "has a full understanding of what the plea connotes and of its consequence."'" *Id.*, quoting *State v. Montgomery*, 2016-Ohio-5487, ¶ 40, quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "[A] guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." *Ballard*, 66 Ohio St.2d at 478.

{¶14} "'Failure to *literally* comply with the language of Crim.R. 11(C)(2)(c) does not, however, invalidate a plea agreement as long as the record reveals that the trial court explained or referred to the constitutional rights ""'*in a manner reasonably intelligible to that defendant*.'"'" (Emphasis in original.) *Morgan*, 2026-Ohio-282, at ¶ 10 (4th Dist.), quoting *State v. Ralston*, 2018-Ohio-4946, ¶ 5 (11th Dist.), quoting *State v. Barker*, 2011-Ohio-4130, ¶ 14, quoting *Veney*, 2008-Ohio-5200, at ¶ 27, quoting *Ballard* at 480. "However, pursuant to this strict compliance standard, 'the trial court must *orally* inform the defendant of the rights set forth in Crim.R.11(C)(2)(c) during the plea colloquy for the plea to be valid[.]'" (Emphasis in original.) *Id.*, quoting *Veney* at ¶ 29. "'[T]he court cannot simply rely on other sources to convey these rights to the defendant.'" *Id.*, quoting *Veney* at ¶ 29.

## C. Analysis

{¶15} The guilty plea is invalid because the trial court accepted the plea without first orally informing Oneill that by the plea, he was waiving his right to a jury trial as required by Crim.R. 11(C)(2)(c). During the plea colloquy, the court asked if Oneill understood that his was giving up his "right to a Trial by pleading guilty" rather than his right to a *jury* trial. Even though the court discussed with Oneill the written guilty plea, which indicated he understood that he was giving up his right to a jury trial, the court did not orally inform Oneill that he was waiving his right to a jury trial or reference a jury at all during the plea colloquy. Consequently, we conclude that the court failed to explain the right to a jury trial in a manner reasonably intelligible to Oneill.

{¶16} This case is similar to *Morgan* and distinguishable from *Ballard*. In *Morgan*, during the plea colloquy, the trial court asked the defendant if he understood that he was giving up his "'right to a trial'" but did not orally inform him that he was waiving the right to a *jury* trial or reference a jury at all. *Morgan* at ¶ 12. The State, relying on *Ballard*, asserted that the plea was valid because the court made repeated references during the colloquy to the written plea agreement, which stated that the defendant was waiving the right to a jury trial, and the defendant was informed multiple times at a prior hearing that the case could be set for a jury trial. *Id.* at ¶ 13. In rejecting this argument, we explained that in *Ballard*, the Supreme Court "determined that the trial court explained the defendant's constitutional right in a reasonable way because the trial court informed Ballard during the colloquy that neither the judge *nor the jury* could draw any inference if the defendant refused to testify." (Emphasis in original.) *Id.* at ¶ 14. We explained that "immediately after that statement, the trial court informed the defendant that he was entitled to a fair

and impartial trial under the law," that "Ballard responded to each question in the affirmative," and that it was "[t]hese statements and answers, taken together," which "led the court to conclude that Ballard was informed of his right to a trial by jury." *Id.* We stated:

> Unlike *Ballard*, Morgan was not orally informed during the plea colloquy that he was waiving his constitutional right to a jury trial, nor did the trial court obtain his verbal acknowledgement of that specific waiver at the plea hearing. Instead, the State is relying on outside sources, which the Court in *Veney* has clearly established that the trial court cannot do. *Veney*, 2008-Ohio-5200, at ¶ 29. Additionally, this case is very similar to *State v. Hermes*, wherein the Sixth District determined that the trial court's references to the plea agreement were not sufficient when the trial court only advised Hermes of his right to "trial" as opposed to his right to a "jury trial." 2023-Ohio-2011, ¶24 (6th Dist.). "We cannot presume a waiver of these * * * important federal rights from a silent record." *Boykin v. Alabama,* 395 U.S. 238, 243 (1969). "When the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid." *Veney* at ¶ 29, citing *State v. Griggs,* 2004-Ohio-4415, ¶ 12, and *Ballard*, 66 Ohio St.2d at 481.

(Ellipsis in original.) *Id.* at ¶ 15. Thus, we held that "the trial court plainly failed to orally inform Morgan of his constitutional right to a jury trial" and that "[t]his failure to strictly comply with Crim.R.11(C)(2)(c) renders Morgan's plea invalid," reversed the judgment of conviction, and remanded for further proceedings. *Id.* at ¶ 16.

**{¶17}** In this case, as in *Morgan*, and unlike in *Ballard*, the trial court plainly failed to orally inform Oneill of his constitutional right to a jury trial at the time of entering his guilty plea. The State's attempt to distinguish this case from *Morgan* is unpersuasive. As in *Morgan*, the State relies on an outside source, the written guilty plea, to show notification of that right. But even if the trial court's review of the written guilty plea with Oneill was more thorough than in *Morgan*, the court still failed to orally explain or refer to the right to a jury trial in a manner reasonably intelligible to Oneill. The fact that Oneill was informed of a jury trial date at an earlier hearing is immaterial; the defendant must be

informed of the right in a reasonable manner at the time of entering the guilty plea. *Ballard* at 478. In addition, the fact that Oneill successfully negotiated the dismissal of a charge and specification and did not mention the jury trial issue in a post-sentencing motion to withdraw the guilty plea is immaterial. The trial court still had to orally inform Oneill of the right to a jury trial during the plea colloquy and failed to do so. Accordingly, we sustain the assignment of error, reverse the trial court's judgment, and remand for further proceedings consistent with this decision.

JUDGMENT REVERSED.
CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period set forth in the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
        Michael D. Hess, Judge




## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**